**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3958-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDREW K. JIMENEZ,

     Defendant-Appellant.

_____

Argued telephonically June 24, 2020 –
Decided July 14, 2020

Before Judges Accurso and DeAlmeida.

On appeal from Superior Court of New Jersey, Law
Division, Union County, Accusation No. 19-02-0119.

Stuart K. Santiago argued the cause for appellant.

Milton Samuel Leibowitz, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued the cause
for respondent (Lyndsay V. Ruotolo, Acting Union
County Prosecutor, attorney; Milton Samuel
Leibowitz, of counsel and on the brief).

PER CURIAM

Andrew K. Jimenez pleaded guilty to possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), in exchange for the State's recommendation that he receive a Graves Act waiver, N.J.S.A. 2C:43-6.2 and be sentenced in the third-degree range, and the dismissal of several other second, third and fourth-degree charges. Defendant was sentenced in accordance with that agreement to a three-year prison term, with one-year of parole ineligibility. He appeals, raising only one issue for our consideration:

> POINT I
>
> THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO DEFENDANT'S COUNSELS' FAILURE TO FILE A MOTION TO SUPPRESS.

Specifically, defendant contends his two prior lawyers rendered ineffective assistance for their failure to file a motion to suppress the unloaded BB gun police found in the mini-bar refrigerator in defendant's motel room after he signed a consent to search form. The State argues the claim "is not properly before this court and should be raised in a petition for post-conviction relief." It contends resolution of the claim requires an inquiry into what defendant discussed with his counsel, which is nowhere in the record. The State notes a Graves Act waiver is sometimes offered to resolve an indictment while pre-trial motions are being considered. It does not offer that that's what

A-3958-18T1

occurred here, only that it is not uncommon, and there is nothing in the record regarding the plea negotiations and no averment from defendant that he would not have pleaded guilty but for counsel's alleged errors.

Although "[t]here is no rule that claims of ineffective assistance must await a post-conviction relief proceeding or cannot be raised on direct appeal," State v. Hooper, 459 N.J. Super. 157, 174 (App. Div. 2019), they are not ordinarily considered on direct appeal because they very often "involve allegations and evidence that lie outside the trial record." State v. Castagna, 187 N.J. 293, 313 (2006) (quoting State v. Preciose, 129 N.J. 451, 460 (1992)). That is the case here. The record is simply inadequate to evaluate defendant's claims, and, indeed, we have nothing beyond appellate counsel's representations as to what defendant's claims are. The record is devoid of any sworn statement from defendant to support any claim of ineffective assistance of his plea counsel.

Accordingly, we affirm defendant's conviction and sentence. Any claim of ineffective assistance must be raised in a PCR petition as the record is inadequate for its consideration here. See Preciose, 129 N.J. at 462-64.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION